

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2007

# Arakelyan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1791

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Arakelyan v. Atty Gen USA" (2007). *2007 Decisions.* Paper 57.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/57

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1791

TIGRAN ARAKELYAN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A96-355-886)
Immigration Judge: Honorable Henry S. Dogin

Submitted Under Third Circuit LAR 34.1(a)
December 14, 2007

Before: RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges.

(Filed: December 17, 2007)

OPINION OF THE COURT

RENDELL, *Circuit Judge*.

Tigran Arakelyan petitions for review of an order of the Board of Immigration

Appeals ("BIA") denying his motion to reopen removal proceedings. For the reasons

below, we will deny Arakelyan's petition for review.

Arakelyan is a citizen of Armenia charged with removal under 8 U.S.C. § 1227(a)(1)(b). The Immigration Judge initially found Arakelyan removable, and the BIA affirmed without issuing a separate opinion and denied his motion to reconsider.

Ninety-two days later, Arakelyan filed a motion to reopen based on changed circumstances in Armenia. In support of his motion, he attached a number of affidavits from persons in Armenia, the State Department's 2004 Country Report on Human Rights Practices for Armenia, and an identification card and campaign brochure ostensibly linking him to a candidate running for election in 1999. The BIA denied Arakelyan's motion, finding that he had failed to show that the materials used to support his motion were unavailable at the time of his initial hearing. The BIA further concluded that Arakelyan had failed to prove that the Country Report reflected worsened country conditions that directly applied to his situation. This appeal followed.

A motion to reopen is typically barred after ninety days. 8 C.F.R. § 1003.2(c)(2). This limit does not apply however if the motion seeks relief "based on changed circumstances arising in the country [of removal], if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). In addition to submitting previously unavailable evidence and showing worsened country conditions, the motion to reopen "must establish *prima facie* eligibility for [the requested relief]." *Guo v. Ashcroft*, 386 F.3d 556, 563 (3d Cir. 2004). We will not disturb the BIA's denial of a motion to reopen unless it is "'arbitrary, irrational, or contrary to law.'" *Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir. 2005)

2

(citations omitted).

The BIA did not act arbitrarily in ruling that Arakelyan's supporting information was previously available. All of the items in support of petitioner's motion to reopen, excluding the updated Country Report, could have been presented during the initial asylum hearing. As to the updated Country Report, Arakelyan failed to present sufficient evidence demonstrating that the country conditions had worsened since his original hearing or that the changed conditions in Armenia would affect him. The decision of the BIA is clearly supported by the record and cannot be construed as arbitrary, irrational, or contrary to law.

For the foregoing reasons, we will deny the petition for review.